380

The People of the State of Illinois, Plaintiff-Appellee, *v.* Leotis Hych, Defendant-Appellant.

(No. 74-173; )

Fifth District—October 20, 1975.

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Leotis Hych was found guilty by a jury in the Circuit Court of St. Clair County of armed robbery. After considering a probation report, the trial court sentenced the defendant to a four- to twelve-year term of imprisonment.

On appeal the defendant contends that the trial court erred by refusing to allow the jury to see or take into the jury room a photograph introduced by the State as impeachment evidence; that the evidence was insufficient

to prove the defendant guilty beyond a reasonable doubt; and that the prosecutor committed reversible error by commenting on the term "reasonable doubt" during final argument.

After a jury was selected, the court heard evidence on the defendant's motion in limine to exclude any reference to a subsequent robbery, and a photograph of one Gregory Johnson who was killed in a later robbery. This hearing was held outside of the presence of the jury, and the court granted the defendant's motion.

The first witness was Robert Fletcher, the complaining witness, who testified that on Friday, December 14, 1973, he was waiting for a bus outside the East St. Louis Senior High School where he was a teacher. He related that it was very light, shortly after 4 p.m., when he saw two men approaching him, one with a revolver. The one with the revolver came to within five feet in front of him and the other person went around behind him. Fletcher said he gave the one behind him his billfold, which contained a Shell credit card, three dollars and other papers. The robbers then fled. The witness identified the defendant in the courtroom as one of the two men who robbed him. He stated that he had also identified the defendant on December 19, 1973, at the St. Clair County Jail.

On cross-examination, the complaining witness reasserted his belief that the defendant was the one with the gun who robbed him. He declared that he was positive of the identification because of the eyes and general complexion of the defendant.

The defendant took the stand in his own defense. He recalled that he had gone to Chicago, Illinois on the 11th or 12th of December, 1973, and had left Chicago to return to East St. Louis early in the morning of December 15. Arriving in East St. Louis around five or five-thirty, he slept in the car outside his mother's house, and went into the house when his step-father awakened him. The defendant denied robbing Fletcher and asserted that he was in Chicago on December 14, 1973. He recalled being with a friend, Gregory Johnson, about 6 a.m. on the 14th in Chicago, and Johnson returned from Chicago with him. Defendant stated that he would know Johnson if he saw him. When asked if People's Exhibit 2 was a photograph of Johnson, the defendant replied that he could not tell, as the face was all bloody. He recited that when he had identified Johnson on December 17, Johnson's face was not bloody.

The defense called the defendant's mother who supported her son's statements, and also Irving Switzer a close friend of the defendant's mother. Switzer testified that he awakened the defendant while he was asleep in a car outside his mother's house. He stated Gregory Johnson was with the defendant.

In rebuttal, the prosecution recalled Robert Fletcher who was asked if he could identify People's Exhibit 2 which was a black and white picture of a dead Negro male. This is the exhibit that had been shown to the defendant on cross-examination and he stated that he was unable to identify the subject. The defendant objected. In response to defendant's objection, outside the presence of the jury, the State explained that it intended to use the picture to identify Johnson as the other robber. Since the defendant had said that he had been with Johnson in Chicago at 6 a.m. on December 14 (the day of the robbery) and again at 1 a.m. on the 15th, a showing that Johnson was in East St. Louis at 4 p.m. on the 14th would discredit the defendant. The court ruled that the photograph could be used for the purpose of identifying Gregory Johnson as the other robber, but since the picture showed a dead person, it would not go to the jury. Fletcher then identified the photograph as a picture of the man who robbed him. He also identified People's Exhibit 3 as a credit card stolen from him.

The State's second rebuttal witness was Lenzie Stewart, a police officer. He testified that he saw the man photographed in People's Exhibit 2 on December 17. He said he saw the credit card, People's Exhibit 3, removed from that person on that date.

Bennie Radford, a police detective, was the final rebuttal witness, and he testified that he talked with the defendant on December 18. He identified People's Exhibit 2 as a photograph of Gregory Johnson. He said he took the defendant to see Gregory Johnson, and that the defendant said it was the same man with whom he had returned from Chicago. The State rested, and People's Exhibit 2 was admitted into evidence. The jury returned the guilty verdict.

■■ The defendant contends that the court erred by admitting the photograph of Gregory Johnson, but refusing to let the jury see the photograph or take it into the jury room. Before reaching this contention, however, it is necessary to consider the State's claim that this issue has been waived for purposes of review. At trial the defendant voiced continuing objections to the use of the photograph for any purpose. The defendant based his objection on the alleged prejudicial effect of the photograph and the possibility of injecting into the proceedings evidence of another crime, totally irrelevant to the instant case. The judge, cognizant of the photograph's possible prejudicial effect, was adamant in his instructions to counsel concerning the limited use for which the picture could be used. Now on appeal, the defendant tacitly admits that the judge was correct in allowing the evidence to be used for impeachment purposes but alleges that the judge erred by not allowing the jury to see the photograph. This claim was never urged before the trial court;

in fact, an opposite claim was urged there. Consequently, the defendant has waived any claim he may now urge.

■■ The defendant's second contention is that he was not proven guilty beyond a reasonable doubt. A jury verdict will be overturned only where the verdict is found to be palpably contrary to the evidence. (*People v. Jackson*, 23 Ill.App.3d 1011.) Where the identification of the accused is at issue, the testimony of one witness is sufficient to convict, even though such testimony is contradicted by the accused, provided the witness is credible, and he viewed the accused under such circumstances as would permit a positive identification to be made. *People v. Stringer*, 52 Ill.2d 564.

Robert Fletcher, the victim, was the sole witness for the State. He positively and unequivocally identified the defendant, both at the trial and the line up. The defendant attempted to establish an alibi defense, but the State impeached the alibi testimony as well as the defendant's credibility. In addition, the testimony of the defense's other two witnesses merely placed the defendant in East St. Louis on the morning of December 15, without corroborating his alibi that he was out of town on the 14. Viewing the evidence as a whole, there is a sufficient basis for the jury's verdict of guilty.

■■ The defendant's final contention is that the prosecutor committed prejudicial error by defining the term "reasonable doubt" during closing argument. In the instant case, the defendant did not object to this part of the prosecutor's closing argument and this issue was not raised in the defendant's post-trial motion. A party who fails to object to error committed during the trial waives the right to urge the claim on appeal. *People v. Dukett*, 56 Ill.2d 432.

For these reasons the judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

JONES, P. J., and G. MORAN, J., concur.